UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUKH DEO SINGH,<br><br>   Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE OF AMERICA, et al.<br><br>   Defendants. | Case No: C 08-1353 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>[Docket No. 57] |

Plaintiff brings the instant action under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., to challenge his former employer Sky Chefs, Inc.'s ("Sky Chefs") denial of his claim for employment benefits. The parties are presently before the Court on Plaintiff's Motion for Leave to File Amended Pleading Under FRCP 15(a). (Docket 57.) Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).[1]

I.   **BACKGROUND**

   A.   **PROCEDURAL HISTORY**

Plaintiff was employed with Sky Chefs from 1971 to 2003. On July 20, 2001, Plaintiff fell ill from an alleged work-related injury. Plaintiff took a two-year extended leave of absence from his job, up until his termination on July 20, 2003. On March 10, 2005, Sky Chefs denied Plaintiff's final appeal of his claim for employment benefits. On March 10, 2008, Plaintiff

---

[1] On December 11, 2009, Sky Chefs filed a motion to appear by telephone at the scheduled December 15, 2009 hearing on this motion. (Docket No. 68.) Because this matter was taken under submission without a hearing, Sky Chefs' motion is DENIED as moot.

1  filed the instant action against "LSG Sky Chefs, Inc.," which Plaintiff identified as the "Claims
2  Administrator for the Retirement Benefit Plan of LSG Sky Chefs, Inc.," bringing claims for
3  recovery of health and retirement benefits.  (Compl., ¶¶ 4, 11.)   Plaintiff also named as
4  defendants Walter Gehl, LSG Sky Chefs Inc.'s Chief Executive Officer, and Mary Donnelly,
5  LSG Sky Chefs Inc.'s Human Resource Manager.
6  　　　　On July 31, 2008, Plaintiff filed a first amended complaint ("FAC") against "Sky Chefs,
7  Inc."  The FAC identified Sky Chefs as the "plan administrator for the Retirement Benefit Plan
8  of Sky Chefs, Inc.," and the "plan administrator for Sky Chefs Inc. Life and Health Benefits
9  Plan."  (FAC, ¶ 4.)  The FAC no longer named as defendants Walter Gehl or Mary Donnelly.
10 Moreover, it is not clear from the FAC or Plaintiff's current moving papers why Plaintiff
11 renamed "LSG Sky Chefs, Inc." to "Sky Chefs, Inc." in the FAC.  Sky Chefs answered the
12 FAC on August 29, 2008.
13 　　　　On December 12, 2008, Plaintiff filed a second amended complaint ("SAC"), naming
14 only Life Insurance Company of North America ("LINA") as a defendant.  (SAC, ¶ 4.)
15 Plaintiff identifies LINA as the "Plan Administrator for the Union Long Term Disability
16 Income Plan."  (Id.)  Plaintiff's allegations in the SAC are limited to claims of denial of long
17 term disability benefits.  (Id., ¶¶ 5-9.)  Unlike Plaintiff's prior complaints, the SAC contains no
18 mention of health or retirement benefits, nor does it name Sky Chefs as a defendant.  LINA
19 answered the SAC on April 3, 2009.
20 　　　　**B.**　　**PLAINTIFF'S MOTION FOR LEAVE TO AMEND**
21 　　　　By the current motion, filed September 17, 2009, Plaintiff seeks leave to file a third
22 amended complaint, on the grounds that he "inadvertently" deleted the claims he had brought
23 against Sky Chefs when he filed his SAC.  Plaintiff seeks to amend his complaint once again to
24 remedy that alleged mistake, and "incorporate[] the claims from both the First Amended
25 Complaint and the Second Amended Complaint against both defendants."  (Plf.'s Mtn. at 1.)
26 Plaintiff has moved under both Fed. R. Civ. P. 60(b)(1), which allows for relief from a
27 "judgment, order, or proceeding" (here, the dismissal of Sky Chefs), and under Fed. R. Civ. P.
28 15(a), which allows for amendment of pleadings.

Plaintiff's counsel explains that, on December 2, 2008, a settlement conference was held before Magistrate Judge Larson. (Katz Decl., ¶ 7.) At that settlement conference, it became apparent to Plaintiff that he had a viable claim against LINA for denial of his long term disability benefits. (Id., ¶ 8.) Plaintiff then filed his SAC on December 12, 2008 naming LINA as the defendant. (Id., ¶ 9.) LINA answered the SAC, and this matter was set for a further settlement conference on September 9, 2009. (Id., ¶ 10.) However, the settlement conference did not take place because Sky Chefs would not participate, as it considered itself having been dismissed as the result of Plaintiff's failure to reallege in the SAC his allegations against Sky Chefs. (Id.) Plaintiff's counsel represents that Sky Chefs "was dismissed as a party because I had inadvertently omitted the claims against the company." (Id.)

In its opposition to Plaintiff's motion, Sky Chefs contends that Plaintiff's omission of Sky Chefs from the SAC was no mistake, but rather was the result of discussions between the parties regarding whether Sky Chefs was a proper party. Specifically, counsel for Sky Chefs explains that on December 11, 2008 – the day before Plaintiff filed his SAC – Plaintiff's counsel sent him a proposed second amended complaint. (Yoo Decl., ¶¶ 3-4.) That proposed second amended complaint named both Sky Chefs and LINA as defendants. (Id., Ex. 1.) Its factual allegations were limited to claims of denial of long term disability benefits. (Id.) Sky Chefs' counsel further explains:

> I engaged in conversations with Plaintiff's counsel subsequent to receiving the proposed Second Amended Complaint and convinced Plaintiff's counsel that Sky Chefs was not a property party to the action. Therefore, Plaintiff's counsel agreed to name Life Insurance Company of North America as the sole defendant. Accordingly, on or about December 12, 2008, Plaintiff filed a Second Amended Complaint, omitting Sky Chefs as a defendant and naming Life Insurance Company of North America as a sole defendant.

(Id., ¶ 4.) In his reply brief, Plaintiff does not respond to Mr. Yoo's version of events, other than to again assert that the omission of Sky Chefs was "inadvertent and a mistake." (Plf.'s Reply at 1.)

## II. LEGAL STANDARDS

### A. RELIEF UNDER FED. R. CIV. P. 60(b)(1)

An amended complaint supersedes the original complaint and renders it of no legal effect. King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); accord Uvalles v. Jacquez, 2010 WL 135181, 2 (N.D. Cal. 2010) (" … amended complaint supersedes the initial complaint."). Moreover, "an amended complaint that drops a defendant named in the original complaint effectively dismisses that defendant from the action." Johnson v. San Diego Metropolitan Transit System, 2007 WL 4328508, 2 (S.D. Cal. 2007) (citing London v. Coopers & Lybrand, 644 F.2d 811 (9th Cir. 1981)).

By his motion, Plaintiff seeks relief from his dismissal of Sky Chefs under Fed. R. Civ. P. 60(b)(1). A voluntary dismissal is a judgment, order, or proceeding from which relief under Fed. R. Civ. P. 60(b)(1) can be granted. In re Hunter, 66 F.3d 1002, 1004 (9th Cir. 1995). Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … mistake, inadvertence, surprise, or excusable neglect …." Fed. R. Civ. P. 60(b)(1).

With respect to "mistake," a Rule 60(b)(1) motion "may seek relief from an excusable mistake on the part of a party or counsel, or if the district court has made a substantive error of law or fact in its judgment or order." Bretana v. International Collection Corp., 2010 WL 1221925, 1 (N.D. Cal. 2010) (citing Utah ex. Rel. Div. of Forestry v. United States, 528 F.3d 712, 722-23 (10th Cir. 2008)).

As for the "excusable neglect" prong of Rule 60(b)(1), whether a party's neglect is excusable is an equitable determination that "tak[es] account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993). These circumstances include "the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. Moreover, "'excusable neglect' covers

negligence on the part of counsel." Bateman v. United States Postal Service, 231 F.3d 1220, 1223 (9th Cir. 2000).

The Ninth Circuit "leave[s] the weighing of Pioneer's equitable factors to the discretion of the district court in every case." Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir. 2004). Furthermore, the Ninth Circuit has explained that:

> Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel.  For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel.  This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct.  Such mistakes are more appropriately addressed through malpractice claims.

Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1101 (9th Cir. 2006).

### B.   LEAVE TO AMEND UNDER FED. R. CIV. P. 15(a)

Here, Plaintiff argues that this Court should apply Rule 60(b)(1), along with Fed. R. Civ. P. 15(a), which allows for amendment of pleadings, in order to "place[] the parties in the same position they would have been in had plaintiff not inadvertently erred in filing his SAC." (Plf.'s Mtn. at 3.)  In other words, Plaintiff seeks to file a third amended complaint to "incorporate[] the claims from both the First Amended Complaint and the Second Amended Complaint against both defendants." (Plf.'s Mtn. at 1.)

Rule 15(a) provide that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a).  The decision to grant or deny a request for leave to amend rests in the discretion of the district court. International Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985).  In exercising its discretion, district courts should grant leave to amend with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

The party opposing a motion for leave to amend bears the burden to demonstrate that a "substantial reason exists to deny leave to amend." Shipner v. Eastern Air Lines, 868 F.2d 401, 407 (11th Cir. 1989).  Thus, in assessing whether to grant leave to amend, the Court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive,

1  repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing
2  party and futility of the proposed amendment." Moore v. Kayport Package Express, 885 F.2d
3  531, 538 (9th Cir. 1989).  Of these factors, prejudice to the opposing party is the most
4  important.  See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing Zenith
5  Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971)).  Moreover, the district
6  court's discretion to deny leave to amend is particularly broad where the moving party has
7  previously amended its pleading.  Ascon Properties v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th
8  Cir. 1989).

## III. DISCUSSION

### A. PLAINTIFF HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER RULE 60(b)(1)

Plaintiff asserts that his failure to include claims against Sky Chefs in his SAC was an "inadvertent mistake."  (Plf.'s Mtn. at 3.)  In seeking relief under Rule 60(b)(1), Plaintiff has not made clear on what grounds this Court should him grant relief, i.e., whether it be for mistake, inadvertence, surprise, or excusable neglect.  Nor does Plaintiff offer an analysis of the Pioneer factors, other than to state, in a conclusory fashion, that Sky Chefs would not be unduly burdened by being brought back into this litigation, and that this proceeding would not be unduly delayed.  (Plf.'s Mtn. at 3; Plf.'s Reply at 2.)

Nevertheless, the primary question before this Court under Rule 60(b)(1) is whether Plaintiff's mistake and neglect are excusable.  As explained above, this Court is to consider all relevant circumstances surrounding Plaintiff's actions, as informed by the Pioneer factors.  Again, those factors include the danger of prejudice to the opposing party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.  Pioneer, 507 U.S. at 395.

Here, the principal factors that weigh against granting Plaintiff relief under Rule 60(b)(1) are his delay and apparent lack of good faith.  It should be noted that Plaintiff proceeded with this action for approximately nine months without Sky Chefs as a defendant.

Specifically, Plaintiff filed his SAC on December 12, 2008, and did not file the current motion until September 17, 2009.  This suggests that Plaintiff's omission of Sky Chefs was not actually a mistake, but was rather a deliberate action that Plaintiff has now come to regret.  That conclusion is supported by the declaration of Plaintiff's attorney, in which he states "[a]s of the preparation of this declaration, it does not appear that we will be successful in resolving the disability claim unless my client's employer, Sky Chefs is brought back into the case." (Katz Decl., ¶ 11.)

Nor does it appear that Plaintiff has acted in good faith.  Plaintiff did not simply fail to include Sky Chefs in the caption of his SAC as the result of a clerical error.  See, e.g., Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995) (in a case involving a single answer by several defendants, granting relief from default judgment against one defendant for inadvertent omission of that defendant's name from the caption of the answer).  Rather, Plaintiff alleges in his SAC an entirely different theory of recovery from what he plead in his FAC; namely, that Plaintiff was wrongly denied long term disability benefits by LINA, the plan administrator for the long term disability income plan.  (SAC, ¶¶ 5-9.)  By contrast, Plaintiff's theory of recovery in his FAC was that he was wrongfully denied health and retirement benefits, and Plaintiff accordingly sought relief from Sky Chefs as plan administrator for the health and retirement benefit plans.  (FAC, ¶¶ 5-9.)  Of note, Plaintiff deleted in his SAC all allegations regarding not only Sky Chefs, but also those regarding denial of health and retirement benefits.  Put simply, Plaintiff fundamentally restructured his factual allegations and causes of action with his SAC, which belies his contention that he "inadvertently" omitted Sky Chefs by mistake.

In addition, Plaintiff has not adequately refuted Sky Chefs' position that Plaintiff deleted it from the SAC as the result of discussions between the parties.  Nor does Plaintiff or his counsel explain why the draft SAC sent to Sky Chefs' counsel included both Sky Chefs and LINA as defendants, but the version Plaintiff filed after that communication with Sky Chefs' counsel names only LINA.

1     Lastly, Sky Chefs would suffer prejudice if Plaintiff were allowed relief under Rule
2  60(b)(1).  Sky Chefs understood it was dismissed from this action by Plaintiff's SAC, and on
3  that basis, it has not participated in this litigation since Plaintiff filed his SAC on December 12,
4  2008.  To bring Sky Chefs back into this litigation several months later would be unduly
5  prejudicial.
6     For these reasons, the Court finds that Plaintiff has failed to show he is entitled to relief
7  under Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect.

8     **B.     PLAINTIFF HAS NOT SHOWN THAT LEAVE TO AMEND IS WARRANTED**

9     As indicated, this Court finds that relief under Rule 60(b)(1) is not appropriate, and
10 therefore Plaintiff's dismissal of Sky Chefs remains undisturbed.  The next consideration is
11 whether Plaintiff should, nevertheless, be granted leave to amend his complaint under Rule
12 15(a) to add Sky Chefs as a defendant.
13    Again, in assessing whether to grant leave to amend, the Court should consider "the
14 presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure
15 deficiencies by previous amendments, undue prejudice to the opposing party and futility of the
16 proposed amendment."  Moore, 885 F.2d at 538.  The Court determines futility under Rule
17 15(a) as it would on a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.
18 See Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (explaining that any amended
19 claims must be those upon which relief can be granted).
20    Here, Plaintiff's undue delay and lack of good faith in seeking to bring Sky Chefs back
21 into this litigation are explained above with respect to Rule 60(b)(1).  Those same factors also
22 weigh against granting leave to amend under Rule 15(a).
23    Moreover, Plaintiff's proposed amendment would be futile because his claims against
24 Sky Chefs are now time barred.  The Ninth Circuit has held that ERISA claims are subject to a
25 four year statute of limitations.  See Wetzel v. Lou Ehlers Cadillac Group Long Term
26
27
28

Disability Ins. Program, 222 F.3d 643, 647-648 (9th Cir. 2000).[2]  "[A]n ERISA cause of action accrues either at the time benefits are actually denied …or when the insured has reason to know that the claim has been denied." Id. at 649.  Here, Plaintiff alleges in his SAC that "on or about March 10, 2005, Defendant denied Plaintiff's appeal, closed the Administrative record, and determined that all administrative remedies had been exhausted."  (SAC, ¶ 9.)  Plaintiff filed this action on March 10, 2008, exactly three years after Sky Chefs denied him benefits.  However, Plaintiff dismissed Sky Chefs from this action upon filing of the SAC on December 12, 2008.  Plaintiff filed the present motion for leave to amend on November 10, 2009, more than four years after Sky Chefs' March 10, 2005 denial of benefits.  Therefore, allowing Plaintiff to amend his complaint would be futile because his claims against Sky Chefs are time barred.[3]

In addition, Plaintiff cannot avoid the time bar by "relating back" his current proposed amendment to his previously-filed complaints under Fed. R. Civ. P. 15(c)(1).  See, e.g., Wilson v. U.S. Government, 23 F.3d 559, 562 (1st Cir. 1994) (Rule 15(c)(1) controls whether an amended complaint may relate back to the filing of the original complaint and thereby escape a timeliness objection).  "When an amendment to a pleading adds a party, the amendment relates back to the date of the original complaint if it asserts a claim that arises from the same conduct, transaction, or occurrence set forth in the original complaint, and the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been

---

[2] ERISA does not provide a statute of limitations, so courts must look to the most analogous statute of limitations under state law.  The Ninth Circuit has found ERISA claims to be most comparable to actions based on written contracts, which are subject to a four year period of limitations.  Id. at 648; see also Cal. Code Civ. Pro. § 337.

[3] Sky Chefs argues that Plaintiff's claims are subject to a three year limitation period pursuant to the ERISA plan insurance policy at issue, which limits the time to commence suit to three years.  (See Yoo Decl., Ex. 3.)  Sky Chefs assert that such contractual limitations periods are enforceable so long as they are reasonable.  See Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program, 222 F.3d 643, 647-650 (9th Cir. 2000.)  Here, the Court does not need to make such a determination because Plaintiff's claims are untimely even under the four year limitations period.

1  brought against the party." <u>Ferguson v. Local 689, Amalgamated Transit Union</u>, 626
2  F.Supp.2d 55, 60 (D. D.C. 2009) (<u>citing</u> Fed. R. Civ. P. 15(c)(1)); <u>accord</u> <u>Nite & Day Power</u>
3  <u>Technologies v. Corporate Capital Resources, Inc</u>., 1995 WL 7942, 4 (N.D. Cal. 1995).

4      Here, Plaintiff's claims against Sky Chefs arise from the same conduct, transaction, or
5  occurrence set forth in the original complaint, and Sky Chefs has notice of the action.
6  However, Plaintiff has not shown, nor has he even argued, that he was mistaken concerning the
7  identity of Sky Chefs as a proper defendant. Rather, Plaintiff argues that he inadvertently and
8  mistakenly omitted Sky Chefs from his SAC. Moreover, the relevant inquiry for determining
9  whether Plaintiff made a mistake concerning the identity of a proper defendant is what Plaintiff
10 knew or thought he knew <u>when he filed the original complaint</u>. See <u>Kilkenny v. Arco Marine</u>
11 <u>Inc</u>., 800 F.2d 853, 856 (9th Cir. 1986). In this case, Plaintiff was aware of Sky Chefs' identity
12 and its relation to his claims when he included Sky Chefs in his original and first amended
13 complaints. Plaintiff's mistake, therefore, is not one that Rule 15(c)(1) was intended to rectify.
14 <u>See id</u>. at 857-858 ("Rule 15(c) was intended to protect a plaintiff who mistakenly names a
15 party and then discovers, after the relevant statute of limitations has run, the identity of the
16 proper party. Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond
17 in a reasonable fashion to notice of a potential party, nor was it intended to permit a plaintiff to
18 engage in piecemeal litigation.").

19     In sum, leave to amend under Rule 15(a) is not warranted due to Plaintiff's undue delay
20 and lack of good faith, and the futility of his proposed amendment.

21 **IV.   CONCLUSION**

22     For the above stated reasons, Plaintiff's Motion for Leave to File Amended Pleading
23 Under FRCP 15(a) is DENIED.

24     This Order terminates Docket Nos. 57 and 68.

25     IT IS SO ORDERED.

26 Dated: September 3, 2010

                                        SAUNDRA BROWN ARMSTRONG
                                        United States District Judge